# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| DOUGLAS ROBERT GORDY,<br><br>Plaintiff,<br><br>v.<br><br>HONORABLE JUDGE JOHN R.<br>TURNER (in his capacity as Superior<br>Court Judge); and OGEECHEE<br>JUDICIAL CIRCUIT (Bulloch<br>and Screven Counties) and<br>MARTHA LAINES, *et al.*,<br><br>Defendants. | Case No. CV615-131 |

## REPORT AND RECOMMENDATION

Invoking, *inter* alia, The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101(b)(1), the Rehabilitation Act of 1973, 29 U.S.C. § 794 and the Fifth and Fourteenth Amendments, *pro* se plaintiff Douglas Robert Gordy brings this discrimination and "due process" case against the judge (in his official capacity only), two counties, and various individuals in some way involved with two state child custody proceedings

1

recently consolidated into one. Doc. 1. He also moves for leave to proceed *in forma pauperis* ("IFP"). Doc. 2. Finding him indigent, the Court **GRANTS** his IFP motion (doc. 2), and now screens his case under 28 U.S.C. 1915(e)(2)(B)(ii) (authorizing dismissal of complaints that fail to state a claim for relief).[1]

Boiled down, Gordy alleges he is disabled and is unhappy with the way the defendant judge is ruling in his state-court child custody case. Example:

---

[1] Pleading stage claims are analyzed under Fed. R. Civ. P. 8 & 12:

> Rule 8 requires that federal courts give pleadings a liberal reading in the face of a [Rule] 12(b)(6) motion to dismiss. This admonition is particularly true when the parties are proceeding *pro se*. Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. *See, e.g., Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, *see Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991), *or to rewrite an otherwise deficient pleading in order to sustain an action, see Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

*GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)(emphasis added); *Butler v. Broward County Cent. Examining Bd.*, 367 F. App'x 992-93 (11th Cir. 2010). Formulaic recitations of a claim's elements will not suffice; every complaint must contain sufficient factual matter which, if accepted as true, states a claim to relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir. 2010); *Grissett v. H.J. Baker Bros.*, 2015 WL 5734452 at * 1 (S.D. Ala. Sept. 30, 2015).

> Disabled *pro-se* litigants are also denied the fair and reasonable right to participate in Court hearings due to the practice of Honorable Judge John R. Turner to rule upon and [e]nforce motions reasonable and legally permissible Discovery. Without the access to Discovery material with adequate time to study the materials, disabled pro-se litigants are deprived of the most fundamental ability to prepare and present their cases and are subject to arbitrary and capricious "trial by ambush".

Doc. 1 at 7.

Gordy's entire complaint travels down these rails. He's unhappy with a state judge's rulings and interactions with those involved in his case, so every ruling against him "somehow" violates a disability statute -- merely because Gordy happens to be disabled while on the losing end of a court ruling. He raises generic complaints. *See, e.g.*, doc. 1 at 6 ("Litigants and participants or observers to court proceedings are denied the fair and reasonable participate [sic] in Court hearings due to the absence of a Circuit ADA coordinator and the refusal of the Circuit Judges to inquire as to requested accommodations and issue or make such accommodations prior to the actual date of the formal Court hearing."). Yet, he fails to plead how *he* has suffered any legal detriment.

Put another way, plaintiff fails to allege the structural, physical-barrier-level impediments necessary to support a Title II, ADA

3

claim. *See McCauley v. Georgia*, 466 F. App'x. 832, 837 (11th Cir. 2012) (plaintiff's complaint failed to allege actual injury in pursuing her underlying county court case, as required to support her ADA claim against county court and judge for allegedly denying her access to court based on her disability, since plaintiff was able to access county court by filing documents via e-mail and appearing at hearing via telephone, filing both motions for summary judgment and for reconsideration, and having her case heard on merits), cited in *O'Neal v. Smith*, 2015 WL 2194585 at * 5 (N.D. Ala. May 11, 2015) ("Although Mr. O'Neal did not receive an opportunity to participate in the post-judgment hearing by telephone, like the plaintiff in McCauley, Mr. O'Neal was able to access the court through numerous motions and briefs.").[2] His case thus fails on the merits.

---

2   The same result obtains if the claim is framed as a Due Process violation:

> Prisoners have a constitutional right of access to the courts under the Due Process Clause. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1265–66 (11th Cir.2012). The right to access, however, is not unlimited. *Lewis v. Casey*, 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). In order to establish a violation of that right, as a constitutional prerequisite a plaintiff must show actual injury, i.e., that his efforts to pursue a nonfrivolous claim were frustrated or impeded by an official's action. *Id.* at 349; *Alvarez*, 679 F.2d at 1265; *McCauley v. Georgia*, 466 F. App'x 832, 836 (11th Cir. 2012). " '[M]inor and short-lived impediments to access' to evidence is insufficient to support a claim of denial of access to the courts." *Lloyd v. Card*, 283 F. App'x 696, 699 (11th Cir.

Courts also dismiss, under the *Rooker/Feldman* doctrine, complaints that (as is the case here) masquerade as independent claims but in reality seek federal "appellate review" of state court rulings.[3] Gordy's case rings both the Title II and *Rooker/Feldman* knock-out bells.[4] Because one of

---

2008) (quoting *Chandler v. Baird*, 926 F.2d 1057, 1063 (11th Cir.1991)).

*Miller v. Conway*, 2013 WL 1729405 at *6 (N.D. Ga. Mar. 28, 2013). Nothing of the sort is alleged here. Instead, Gordy is simply unhappy with judicial rulings that he can otherwise appeal, yet instead (and lamely at that) casts them as handicap-discrimination claims.

3   As explained elsewhere:

> [The] *Rooker–Feldman* doctrine, which was enunciated by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), prohibits "state-court losers" from bringing suit in federal court "complaining of injuries caused by state court judgments rendered before [parallel federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

*Guttman v. Khalsa*, 669 F.3d 1101, 1107 n. 1 (10th Cir. 2012); *Helton v. Ramsay*, 2014 WL 2071585 at * 2 (11th Cir. May 20, 2014) (*Rooker-Feldman* doctrine precluded *pro se* state prison inmate's § 1983 procedural due process claim alleging that Florida state officials erred in denying post-conviction DNA testing under standard set forth by state criminal procedure rule; inmate's claim was an as-applied challenge to the application of the state's post-conviction DNA testing procedure to the facts of his case, and thus inmate invited federal court review and reversal of the state court decision that denied inmate's request for DNA testing).

4   Incidentally, some courts throw these cases out on Eleventh Amendment immunity grounds, *Watson v. Ohio Department of Rehabilitation & Correction*, 2016 WL 865669 at * 6 (S.D. Ohio, Mar. 7, 2016) ("[T]he ADA 'did not abrogate the states' Eleventh Amendment immunity, [and] individuals may not sue states for money

those bells goes to the merits, and his pleadings show that it is unlikely he will plead a viable claim on a second-chance pleading grant,[5] his case should be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED,** this   18th   day of May, 2016.

<br>

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

damages under Title I.' *Whitfield v. Tennessee*, 639 F.3d 253, 257 (6th Cir. 2011) (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001))."); *Guttman v. Khalsa*, 669 F.3d 1101, 1106 (10th Cir. 2012), but the Eleventh Circuit has concluded otherwise. *McCauley*, 466 F. App'x. at 837 (county court and judge were not protected by Eleventh Amendment immunity from plaintiff's ADA claim for allegedly depriving her of access to county court based on her disability, since Congress validly abrogated states' Eleventh Amendment immunity from suit under ADA in cases alleging denial of access to courts).

[5] *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (even though IFP's litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, no undue prejudice could be shown, and the record revealed some potential claim-resuscitation).